**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**TIMOTHY P. SCHAFFNER**　　　　　　　　　　Case No. 1:07-cv-00567

　　**Plaintiff,**　　　　　　　　　　　　　　　　Beckwith, J.
　　　　　　　　　　　　　　　　　　　　　　　　Wehrman, M.J.
　　v.

**COMMISSIONER OF SOCIAL SECURITY,**

　　**Defendant.**

**REPORT AND RECOMMENDATION[1] THAT: 1) PLAINTIFF'S MOTION FOR ATTORNEY'S FEES BE GRANTED IN PART AND 2) PLAINTIFF'S COUNSEL BE AWARDED THE ADDITIONAL SUM OF $2021.25**

Plaintiff's motion for an award of attorney fees has been referred to the undersigned magistrate judge. *See* Doc. 14.

### I. Background

On September 9, 2008, this court entered judgment in this Social Security appeal reversing the decision of the Commissioner and remanding for entry of benefits. On October 17, 2008, plaintiff filed an unopposed motion for fees pursuant to the Equal Access to Justice Act. On December 1, 2008, this court awarded fees in the amount of $2,021.15 and costs in the amount of $350.00, based upon a fee petition that verified 12 hours and 15 minutes of attorney time.

On June 29, 2010, plaintiff filed a second motion for fees,[2] citing as grounds the contingency fee agreement signed by the claimant on 4/21/04 when counsel first began

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Though captioned as a "First Motion for Attorney Fees," the record reflects otherwise.

1

representation, as well as the May 27, 2009 "Notice of Award" from the agency concerning the award of past-due benefits.[3]  The May 2009 Notice states that the agency is withholding 25% of the award based upon the fact that §206(B) of the Social Security Act permits an attorney to petition the court for a fee up to 25% of any award of past-due benefits.  *See generally* 42 U.S.C. §406(b)(1)(A)(noting that the fee is payable "out of, and not in addition to, the amount of past-due benefits.")

The Commissioner filed a response in opposition to plaintiff's second motion for fees, arguing that the requested fee award of $17,543.00 is unreasonable and would be excessive in light of the 12.25 hours of total attorney time.  Although plaintiff's fee petition reflects that she has been practicing law since 2003 and that the hourly rate for an attorney with her experience is currently "over $200.00 per hour,"[4] the requested award would amount to an eye-popping $1,432.08 per hour.  In a reply memorandum, plaintiff disputes that the requested rate is excessive, citing cases awarding similar fees from other jurisdictions in accordance with contingency fee agreements.

## II. Analysis

I conclude that the requested fee is excessive on the facts presented.  In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002), the Supreme Court held that §406(b)does not displace contingent fee agreements that fall within the statutory maximum fee award of 25% of past-due benefits, but instead requires courts to review the fee agreements for reasonableness of enforcement.  Even though many courts are deferential to the terms of contingency fee contracts, accepting that the *de facto* hourly rates may be relatively large, *see Droke v. Barnhart*, 2005 WL

---

[3]No reason is stated for the eleven month delay in filing the second motion for fees after Notice of the award was received.

[4]Counsel's prior fee petition, less than two years ago, reflected an hourly rate of $165 per hour.

2174397 (W.D. Tenn. 2005), such deference is not without limits. The Court in *Gisbrecht* specifically instructed that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* at 808 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989).

As discussed in *Rodriquez*, the Sixth Circuit has particularly abhorred awards that amount to "windfalls for lawyers" in Social Security cases. The court has criticized such awards in cases that involve no significant issues of material fact, no legal research, and "boilerplate pleadings" that reflect more word-processing than legal skills. *Id.* By contrast, Social Security contingency fee agreements will receive less scrutiny when it is obvious that counsel "have overcome legal and factual obstacles" in obtaining benefits for their clients. *Id.*; *see also Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991)(finding that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable"). Where a calculated hourly rate is far in excess of the standard rate, as it is in this case, it is appropriate for a court to consider, at the very least, "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Id.* at 422.

In this case, counsel refers to the length of her representation throughout several levels of administrative appeals before ultimately prevailing in this court two years ago. However, the length of social security proceedings that wind their way first through the administrative arena, next through this court, and back on remand through the agency process, often is regrettably long. As a result of nothing more than the passage of time, the amount of past-due benefits (and corresponding contingency fee) can grow quite large. Moreover, it is important to note that the

fee award sought cannot reflect work performed in administrative proceedings but instead is limited by statute to the 12.25 hours expended in this court.  Counsel may petition separately for an award of fees before the agency tribunal.  *See Horenstein v. Sec'y of Health and Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994)(en banc).

The prior award of $2021.15 under the EAJA reflected "prevailing market rates for the kind and quality of services furnished."  *Bryant v. Comm'r of Soc. Security*, 578 F.3d 443, 449 (6th Cir. 2009)(quoting 28 U.S.C. §2412(d)(2)(A)).  At the time of her last fee petition, counsel claimed an award based upon prevailing market rates of $165.00 per hour.  No work has been performed in this court since that award was made, other than the instant motion for fees for which counsel has claimed no additional time.  The only question is whether the original award should be substantially increased in accordance with the parties' original contingency fee contract, due to the subsequent award of past-due benefits.

I conclude that some increase is warranted to reflect the parties' contingency fee contract, but that the claimed fee of $17,543.00 for 12.25 hours would amount to an unconscionable windfall.  The legal work performed in this court - while not entirely "boilerplate" -was relatively straightforward.  The 12-page "Statement of Errors" which reflected the entirety of counsel's fact-specific analysis required the expenditure of just 8 hours.  The errors asserted were routine, including insufficient deference to the treating physician and inadequate consideration of plaintiff's mental health limitations.  None of the stated errors required extensive legal analysis.  An award of twice counsel's former hourly wage would achieve the dual purpose of avoiding a windfall, while providing counsel with some benefit of her original contingency fee contract.

In order to avoid double-recovery of fees, if an award for the same work is made under § 406(b) that was previously made under the EAJA,[5] the attorney must refund to his or her client the amount of the smaller fee.  *See  Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002).  To effectuate the refund, a court may award the difference between the award made under §406(b) and the earlier EAJA award, *see Jackson v. Comm'r of Social Security*, 601 F.3d 1268, 1272 (11th Cir. 2010).  Based on the facts presented, the court can accomplish its objectives by making a second attorney fee award equal to the award of fees previously awarded.

### III.  Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT:**

1.  Plaintiff's motion for attorney's fees under §406(b) [Doc. 14] be **GRANTED IN PART**;

2.  Plaintiff's counsel be awarded the additional sum of $2021.25 in attorney's fees under §405(b), which sum reflects a total award of $4042.50 less the sum previously awarded under the EAJA.


DATE: September 7, 2010                                    J. Gregory Wehrman
                                                          J. Gregory Wehrman
                                                          United States Magistrate Judge

---

[5]The court assumes that counsel actually received the fee award under the EAJA.  In *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010) the Supreme Court recently held that the EAJA requires that awards be made to the plaintiff, not to the attorney directly.  Fee awards under the EAJA may be subject to offset to satisfy a claimant's pre-existing debt to the Government.

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **HARRIET SHOEMAKER,** | Case No. 1:10-cv-001 |
| **Plaintiff,** | Weber, J. |
| | Wehrman, M.J. |
| v. | |
| **MICHAEL J. ASTRUE,** | |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| **Defendant.** | |

## NOTICE

Attached hereto is the Report and Recommended Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).